Missouri Ethics Commission P. O. Box 1254 Jefferson City, Missouri 65102
Ladies and Gentlemen:
This opinion letter is in response to your question which can be summarized as follows:
 Can a member of the Missouri General Assembly serve as a federal bankruptcy trustee without violating any state statute or constitutional provision?
Pursuant to 28 U.S.C.A. § 586, each United States trustee establishes, maintains and supervises a panel of private trustees that are eligible and available to serve as trustees in bankruptcy cases. The information provided in your opinion request indicates that the issue for consideration is whether a member of the Missouri General Assembly may be a member of such a panel of private trustees and be appointed as trustee in a bankruptcy case. Such a trustee receives compensation for his services.
Article III, Section 12, of the Missouri Constitution provides:
 Section 12. Members of general assembly disqualified from holding other offices. No person holding any lucrative office or employment under the United States, this state or any municipality thereof shall hold the office of senator or representative. When any senator or representative accepts any office or employment under the United States, this state or any municipality thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary as senator or representative. During the term for which he was elected no senator or representative shall accept any appointive office or employment under this state which is created or the emoluments of which are increased during such term. This section shall not apply to members of the organized militia, of the reserve corps and of school boards, and notaries public. [Emphasis added.]
Under this section, if the person is holding "employment under the United States," such person is prohibited from holding the office of senator or representative.
This office has broadly interpreted the term "employment" as that term is used in Article III, Section 12. For example, in Opinion Letter No. 355, Salveter, 1969, a copy of which is enclosed, this office stated:
 The term "employment" is subject to a variety of legal interpretations depending upon the context in which it arises. Since the purpose of Article III, Section 12 appears to be to prevent the potential conflicts of interest which would arise if a senator or representative were to have other duties with respect to other governmental bodies, we are of the opinion that a broad interpretation of the word "employment" is called for when construing that section.
Id. at page 2. Such opinion concluded that Article III, Section 12, prohibited a legislator from serving as an attorney for a state college. See also Opinion No. 13-87, a copy of which is enclosed, interpreting the term "employment" as used in Article III, Section 12.
In Opinion Letter No. 44-90, a copy of which is enclosed, this office opined that a member of the General Assembly accepting a court appointment to represent an indigent criminal defendant for compensation would come within the prohibition of Article III, Section 12. See also Opinion No. 34, Bradshaw, 1973, a copy of which is enclosed, reaching a similar conclusion. Such bankruptcy trustee appointments are similar to attorney appointments in indigent criminal defendant situations in that the appointments are on a case-by-case basis and the appointees receive compensation.
Furthermore, such bankruptcy trustees are not outside the scope of "employment under the United States" simply because their compensation is derived from bankruptcy filing fees and, in some instances, from the distribution of assets (11 U.S.C.A. § 326 and 11 U.S.C.A. § 330). "Under the United States" has a broader scope and application than "of the United States." See the discussion of "under" in Willis v. Potts, 377 S.W.2d 622
(Texas 1964) and Orndorff v. State ex rel. McGill, 108 S.W.2d 206
(Tex.App. 1937).
In summary, serving as a bankruptcy trustee is "employment under the United States." "Employment" is broadly defined for purposes of Article III, Section 12, and such position is "under the United States." Therefore, we conclude a member of the Missouri General Assembly who is appointed as trustee in a bankruptcy case would be within the prohibition of Article III, Section 12, of the Missouri Constitution.[1]
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure: Opinion Letter No. 355, Salveter, 1969 Opinion No. 13-87 Opinion Letter No. 44-90 Opinion No. 34, Bradshaw, 1973
[1] Having concluded that serving as a bankruptcy trustee constitutes "employment under the United States," it is not necessary to address whether such person holds an "office." However, bankruptcy trustees are commonly referred to as officers of the federal courts to which they serve. See, for example, In Re Coastal Equities, Inc., 39 B.R. 304 (Bkrtcy. 1984).